981 F.2d 1250
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David A. BOETCHER, Plaintiff-Appellant,
v.
Keith A. IVEY; Claudette B. Ivey; Lisa D. Ivey-Jensen;
Richard A. Jensen, Defendants-Appellees.
 No. 91-1771.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 27, 1992
Decided: December 28, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-91-119-A)
 Argued: Robert Anthony Hill, Minneapolis, Minnesota, for Appellant.
 Leslie Wayne Lickstein, Bayh, Connaughton, Fensterheim & Malone, Washington, D.C., for Appellees.
 On Brief: W. Michael Holm, Thompson & McMullan, Alexandria, Virginia, for Appellant.
 E.D.Va.
 AFFIREMD.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 David A. Boetcher, a family physician, filed suit against Keith Ivey, Claudette Ivey, Lisa Ivey-Jensen, and Richard Jensen, alleging federal and state securities law fraud and common law fraud in connection with his investments in UniCare Professional Association, Inc. UniCare was formed by the defendants to develop an electronic system for physicians to process insurance claims and receive immediate payment therefor. Boetcher alleged that the defendants misrepresented the status of development of computer software that was the centerpiece of the business and the amount of investment that the defendants had put into the business. Because of the alleged misrepresentations and fraud of the defendants, Boetcher made several purchases of stock from and loans to UniCare during the period from April 1987 to February 1989 in the aggregate amount of approximately $170,000.
 
 
 2
 The case proceeded to trial before the court without a jury, and Boetcher presented testimony of almost all the knowledgeable witnesses, including the defendants. He also offered into evidence the operative documentation. The defendants testified that their statements and representations to Boetcher were not fraudulent, and they attempted to demonstrate the truth of these statements with explanations of the actual state of affairs. They also contended that Boetcher was deeply involved in the business and, as a sophisticated businessmen, was fully aware of all aspects of the business. He was on the board of directors of Unicare and on its behalf had sent letters to other potential investors, stating:
 
 
 3
 I have been given full and complete access to all necessary information, sources and references and have reviewed and verified all matters regarding UniCare that I deemed to be important.... I certainly recommend that other doctors give serious consideration to UniCare and the services which it will provide to physicians in private practice.
 
 
 4
 The entangled and disputed factual issues were fully aired before the district court, and after the evidence was received the court made findings of fact adverse to Boetcher. The court concluded that Boetcher was fully aware of the status of development of the software and that he had access to UniCare's corporate records, in whatever form they existed. The court found that after Boetcher invested the first $7,500, he became a member of UniCare's board of directors and continued in the efforts of the corporation to start up its business and to encourage others to invest. The court concluded that if there were any representations made before Boetcher invested the $7,500, he was estopped to complain about them, because for two years thereafter he was intimately involved in the business and increased his financial investment over twenty-fold. Accordingly, the court entered judgment in favor of all defendants.
 
 
 5
 After carefully reviewing the record and considering the briefs and arguments, we cannot conclude that the court was clearly erroneous in its findings of fact. Although Boetcher contends that the district judge "failed to examine the overwhelming documentary evidence presented by Boetcher at trial, which showed conclusively that these defendants had engaged in an on-going pattern of fraud and deceit toward him," we fail to find any evidence in the record to support that conclusion. Because the documentary evidence was presented to the court and received into evidence, we must conclude, in the absence of any indication to the contrary, that the court was aware of the evidence and considered it.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 AFFIRMED